Johnson v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-524-CR


AND


NO. 3-91-525-CR




AMELIA DENISE JOHNSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT,



NOS. 40,269, 40,270, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





PER CURIAM

 Appellant Amelia Denise Johnson was convicted in a consolidated trial of
aggravated kidnapping (trial-court cause number 40,269; appellate cause number 3-91-524-CR)
and murder (trial-court cause number 40,270; appellate cause number 3-91-525-CR) and was
sentenced after enhancement findings in each cause to life imprisonment. Tex. Penal Code Ann.
§§ 19.02(a)(1), 20.04(a)(4) (West 1989). In three identical points of error in each cause, appellant
asserts that the district court erred in: (1) rendering judgment because the evidence is legally
insufficient; (2) admitting evidence concerning her past conduct; and (3) admitting evidence
concerning a witness' statement. We will affirm.

 The sad events at issue here occurred two years ago on the eve of Thanksgiving. 
While appellant and her boyfriend, Darius Powell, were at appellant's house, appellant pointed
a gun at Powell and ordered Mary Gillon to handcuff Powell. Gillon is the common-law wife of
appellant's nephew, Arthur Peoples. Appellant apparently was upset because she thought both
that Powell was seeing other women and that Powell's family had attempted to break up appellant
and Powell's relationship.

 Terry Johnson, appellant's son, bound Powell, and Gillon injected Powell with
unknown chemicals. Appellant repeatedly stuck Powell with a hypodermic needle in the neck and
arm, and Peoples struck Powell in the head. Powell was placed in the trunk of his car, and
appellant and Gillon drove the car on back roads around Bell County. Johnson and Peoples
followed in appellant's truck and apparently had the gun with them.

 The two vehicles stopped three times in their trip around Bell County, and at the
first two stops appellant allegedly told Peoples to shoot Powell, which he declined to do. At the
third stop, appellant asked for the gun from Peoples, and two shots were fired at Powell. 
Appellant, Gillon, Johnson, and Peoples drove both vehicles to the City of Abbott where Powell
and his car were abandoned on a dirt road, and appellant then drove everyone else home in her
truck. They returned to appellant's home in Killeen where appellant asked them to remove their
clothes and shoes, which were later thrown away in a convenience store dumpster. Finally, they
cleaned up the house and prepared for Thanksgiving.

 In point of error one in both causes, appellant asserts that the district court erred
in rendering judgment because the evidence is legally insufficient to show that appellant fired the
shots that killed Powell. This legal sufficiency attack only applies to the conviction for murder,
so we overrule point of error one regarding the kidnapping conviction.

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 
The thrust of appellant's argument is that no evidence exists to prove that appellant fired the shots
that killed Powell except uncorroborated accomplice testimony. See Tex. Code Crim. Proc. Ann.
art. 38.14 (West 1979) (conviction cannot be had on testimony of accomplice unless corroborated
by other evidence tending to connect defendant with offense committed). We disagree that the
only evidence incriminating appellant comes from uncorroborated accomplice testimony.

 The State admits that Terry and Peoples are accomplice witnesses. Gillon,
however, had no plea agreement with the State and her status as an accomplice witness was
submitted in the charge to the jury. An accomplice witness is someone who has participated with
someone else before, during, or after the commission of a crime. Kunkle v. State, 771 S.W.2d
435, 439 (Tex. Crim. App. 1986), cert. denied, 492 U.S. 937 (1989). If the witness cannot be
prosecuted for the offense with which the accused is charged, then the witness is not an
accomplice witness as a matter of law. Moreover, a witness is not an accomplice witness merely
because she knew of the offense and did not disclose it or even concealed it. Id. In order to be
an accomplice witness, there must be some evidence of an affirmative act on the part of the
witness to assist in the commission of the offense. Id. at 440. If there is any doubt whether a
witness is an accomplice witness, the trial court may submit the issue to the jury. Id. at 439.

 Appellant does not argue that Gillon is an accomplice witness as a matter of law. 
The jury found that Gillon was not an accomplice witness and we see no valid grounds to disturb
that finding. Viewing Gillon's testimony in the light most favorable to the prosecution, a rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We
overrule point of error one regarding the murder conviction.

 In point of error two in both causes, appellant asserts that the district court erred
in admitting evidence concerning her past conduct. The State questioned Texas Ranger John
Aycock about whether appellant was collecting Army death benefits from her former husband,
and appellant objected to the relevancy of the testimony. The district court overruled appellant's
objection and the State again asked Ranger Aycock the question. Appellant did not reurge her
objection and Aycock answered.

 Assuming that appellant did not waive her objection by failing to reurge her
objection, the evidence in question was certainly relevant as it provided a possible motive for the
murder. See Tex. R. Crim. Evid. 103(a) (necessity of objection), 401 ("relevant evidence" means
evidence having any tendency to make existence of any fact that is of consequence to
determination of action more probable or less probable than it would be without evidence). 
Appellant did not object in the district court on the ground that the testimony's probative value
was outweighed by the danger of unfair prejudice, and we will not entertain such an objection
now. Point of error two in both causes is overruled.

 In point of error three in both causes, appellant asserts that the district court erred
in admitting evidence concerning a witness statement. Peoples testified that appellant attempted
to run Gillon and him over with her truck several days after the killing and that appellant said she
was going to the pawn shop. Peoples testified over objection that he believed that appellant was
going to the pawn shop to purchase a gun. At trial appellant objected to Peoples' testimony on
the ground that Peoples was making a conclusory statement. We do not agree that the testimony
was inadmissible.

 Under Texas Rule of Criminal Evidence 701, a lay witness may testify in the form
of opinions or inferences that are rationally based on the witness' perception and are helpful to
a clear understanding of his testimony or the determination of a fact in issue. The test for
appellate review of the trial court's decision to admit or exclude lay opinion testimony is abuse
of discretion. Austin v. State, 794 S.W.2d 408, 410 (Tex. App.--Austin 1990, pet. ref'd). 
Appellant objected on the ground that Peoples' testimony was conclusory, not that the testimony's
probative value was outweighed by the danger of unfair prejudice, i.e., that the State was trying
appellant for being a criminal or a bad person generally. On the record before us, we cannot say
that the district court abused its discretion in admitting Peoples' testimony to explain appellant's
relationship with two of the parties to the kidnapping and murder. Point of error three in both
causes is overruled.

 The judgments of conviction are affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: November 25, 1992

[Do Not Publish]